UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KENA MOORE ET AL                                                                                    Plaintiffs

v.                                                                                         Civil Action No. 3:21-cv-232

HUMANA, INC. ET AL.                                                                               Defendants

\* \* \* \* \*

## ORDER

Defendants Humana Inc. ("Humana"), the Board of Directors of Humana Inc. ("Board"), and the Humana Retirement Plans Committee ("Committee") (collectively, "Defendants") move for reconsideration of the Court's Order [DE 39] on motion to dismiss the Complaint. [DE 43]. Plaintiffs Kena Moore, Timothy K. Sweeney, Russel A. Hohman, Susan M. Smith and Veronica Cargill, individually and on behalf of Humana's Retirement Saving Plan ("Plan") and all others similarly situated ("Plaintiffs"), responded [DE 44], and Defendants replied. [DE 45]. Plaintiffs also filed a notice of supplemental authority [DE 46], and a second notice of supplemental authority. [DE 50]. Defendants responded to each of these. [DE 47; DE 51]. This matter is ripe. For the reasons below, Defendant's Motion to Reconsider [DE 43] is **DENIED**.

## BACKGROUND

The background previously set forth in the Court's order denying Defendants' motion to dismiss [DE 39] is incorporated here by reference.

## STANDARD

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Although the Federal Rules of Civil Procedure do not expressly provide for "motions for

1

reconsideration," courts generally construe such motions as motions to alter or amend a judgment under Rule 59. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues." *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *White*, 2008 WL 782565, at *1 (citation omitted). Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit. *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997); *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991) (citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted in four situations: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (internal quotation marks and citation omitted). Because there is an interest in the finality of a decision, motions for reconsideration "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. CIV.A.3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

**DISCUSSION**

Defendants move for reconsideration of the Court's Order [DE 39] denying their motion to dismiss Plaintiffs' first amended complaint. [DE 43]. Defendants do not argue that there is new evidence, clear error, or manifest injustice, but that there has been an intervening change in controlling law compelling dismissal of Plaintiffs' claims: *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022). [DE 43 at 1646-47]. The Court thus considers its Order and *CommonSpirit* only to the extent that *CommonSpirit* would have affected the outcome of Defendants' motion to dismiss had it existed at the time the Court decided the motion. Plaintiffs argue *CommonSpirit* does not establish a bright line rule, and instead is a narrow holding distinguishable from their case. [DE 44 at 1661]. They have alleged two claims against Defendants, one of breach of fiduciary duty of prudence and one of failure to adequately monitor other fiduciaries. [DE 17 at 95-98].

In *CommonSpirit*, the Sixth Circuit upheld a district court's dismissal of a similar ERISA claim for breach of fiduciary duty due to pleading failures. The court in *CommonSpirit* stated that the Plaintiff in that case failed "to give the kind of context that could move this claim from possibility to plausibility." *CommonSpirit*, 37 F.4th at 1169. The Sixth Circuit found:

> She has not pleaded that the services that CommonSpirit's fee covers are equivalent to those provided by the plans comprising the average in the industry publication that she cites. Smith compares CommonSpirit's fees, for example, to some of the smallest plans on the market, which might offer fewer services and tools to plan participants. Smith has failed "to allege that the fees were excessive relative to the services rendered. [She] also allege[s] no facts concerning other factors relevant to determining whether a fee is excessive under the circumstances."

*Id.* (citing *Young v. Gen. Motors Inv. Mgmt. Corp.*, 325 F. App'x 31, 33 (2d Cir. 2009)). Less than a month after this holding, the Sixth Circuit found a nearly identical pleading failure on overall plan fees, rather than recordkeeping fees, in another ERISA case. *Forman v. TriHealth, Inc.*, 40

3

F.4th 443, 449 (6th Cir. 2022) ("The employees claim that TriHealth's average plan expenses were almost twice as high as other comparator plans they identified. But this overall attack on the plan's expense ratio falters due to pleading failures. One problem is that the employees never alleged that these fees were high in relation to the services that the plan provided."). The Court in *CommonSpirit* and *Forman* thus held that claims based on fee comparisons between dissimilar funds are insufficient, without more, to plead a breach of the duty of prudence; that is, a Plaintiff must compare to plans with similar services. *CommonSpirit*, 37 F.4th at 1169. In essence, a complaint must include an "apples-to-apples" comparison as opposed to an "apples-to-oranges" comparison.

Plaintiffs here allege the Plan's recordkeeping fee was too high, at $37 per participant, because the Plan failed to negotiate recordkeeping fees. [DE 17 at 80-94]. And their comparison is to "similarly situated" plans—plans with a similar number of participants and assets, but lower recordkeeping fees—during the Class period. [DE 17 at 93-94]. Plaintiffs allege that the other similarly sized plans offer the same range of services. [*See* DE 17 at 91 ("Nearly all recordkeepers in the marketplace offer the same range of services")].[1] The Complaint in *CommonSpirit* contained no such comparisons or allegations; that Complaint alleged high recordkeeping fees in comparison to smaller plans and market average and had no comparison chart with similarly sized plans, and no similar allegation of the services offered by any plan. *See Smith v. CommonSpirit*, 2:20-cv-00095-DLB-EBA, at *69 (E.D.Ky. Nov. 5, 2020), ECF No. 1 (Complaint)[2]; *see also Garcia, et al.*

---

[1] The Court notes that whether this allegation is true, it must accept Plaintiffs' allegations as true at the Motion to Dismiss stage. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

[2] Defendants' response to Plaintiffs' second supplemental authority argues that *Parker v. GKN N. Am. Servs., Inc.*, No. 21-12468, 2022 WL 3702072, at *5 (E.D. Mich. Aug. 26, 2022), *reconsideration denied,* No. 21-12468, 2022 WL 15142598 (E.D. Mich. Oct. 26, 2022) concluded that the complaint did not allege enough to state a claim based on recordkeeping fees. This complaint similarly lacked the comparison as

4

*v. Alticor, Inc., et al.*, No. 1:20-cv-1078, ECF No. 47 at * 1691-92 (W.D. Mich. Aug. 23, 2022) ("Accepting Plaintiffs' factual allegation that the Plan's investment management fees were excessive compared to "similarly sized plans," the Court finds that this claim properly pleads a violation of the duty of prudence, given Smith's requirement that this type of claim must compare similar funds to survive a motion to dismiss."); *and Coyer v. Univar Sols. USA Inc.*, No. 1:22 CV 0362, 2022 WL 4534791, at *5 (N.D. Ill. Sept. 28, 2022) ("The court agrees with plaintiffs' assertion that '[t]he fact that each of the other similarly-sized plans were receiving at least the same services for less provides the kind of circumstantial evidence sufficient to create an inference of imprudence,'" consistent with the seventh circuit's direction that "plaintiffs must allege 'that the recordkeeping fees were excessive relative to the services rendered' and provide comparative context, as plaintiffs provide in the instant case."). [3]

Plaintiffs also include another important comparison: the Plan itself. Plaintiffs allege that the Plan's fiduciary later negotiated the recordkeeping fee, decreasing it to $23 per participant with

---

here or the allegation of the services offered by recordkeepers. *See Parker v. GKN N. Am. Servs., Inc.*, 2:21-cv-12468-SFC-JJCG (E.D. Mich. Apr. 7, 2022), ECF No. 1 (Complaint).

[3] The analysis and comparison in *Coyer* were much like those in this case. Additionally, the seventh circuit's standard on recordkeeping fees pleading requirement mirrors the Sixth Circuit's decision in *Smith*. The Court in *Coyer* reasoned:

> The court agrees with plaintiffs that they do not need to provide examples of similar plans receiving the same services in the same year where, according to plaintiffs, the primary drivers of price in large plans are the number of accounts and whether the plan's fiduciaries solicited competitive bids, rather than the marginal cost of recordkeeping for each participant. The court agrees with plaintiffs' assertion that "[t]he fact that each of the other similarly-sized plans were receiving at least the same services for less provides the kind of circumstantial evidence sufficient to create an inference of imprudence," citing *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 332 (3d Cir. 2019). This finding is consistent with the Seventh Circuit's reasoning in *Albert*, where the court dismissed the plaintiffs' claim based on excessive recordkeeping fees. [*Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022), *reh'g denied,* No. 21-2789, 2022 WL 4372363 (7th Cir. Sept. 21, 2022), at *5–6.] In *Albert*, the court emphasized that plaintiffs must allege "that the recordkeeping fees were excessive relative to the services rendered" and provide comparative context, as plaintiffs provide in the instant case. *Id.* at 6.

*Coyer*, 2022 WL 4534791, at *5.

the same plan and the same recordkeeper. [DE 17 at 92-95]. Defendants do not argue, nor would it make sense to argue, that the Plan offered dissimilar services compared to itself. They merely argue in reply that lowering the recordkeeping fee suggests the fiduciaries were acting prudently. [DE 45 at 1676-77]. Again, the complaint in *CommonSpirit* contained no such comparison.

Thus, Plaintiffs' allegations distinguish this case from *CommonSpirit*, so *CommonSpirit* does not change this Court's previous ruling. As discussed previously, Defendants argued only that the second claim, for failure to adequately monitor other fiduciaries, should be dismissed because it is derivative of their breach of fiduciary duty claim, and Defendants add no new arguments in this motion, so the Court will not further address this claim. [DE 23 at 136-7].

The Court will thus **DENY** Defendants' Motion to Reconsider [DE 43].

## CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Defendants' Motion to Reconsider [DE 43] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

December 1, 2022

Cc:   Counsel of record