**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| KENA MOORE, TIMOTHY K. SWEENEY, RUSSEL A. HOHMAN, SUSAN M. SMITH and VERONICA CARGILL, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | **CIVIL ACTION NO.:** 3:21-cv-00232-RGJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HUMANA INC., THE BOARD OF DIRECTORS OF HUMANA INC., THE HUMANA RETIREMENT PLANS COMMITTEE and JOHN DOES 1-30. | ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

I.     INTRODUCTION ..................................................................................................1

II.    STANDARD FOR CLASS CERTIFICATION ...................................................3

III.   STATEMENT OF FACTS ....................................................................................4

       A.    Nature of the Plan ....................................................................................4

       B.    Defendants Were Fiduciaries of the Plan.................................................5

       C.    Named Plaintiffs ......................................................................................5

IV.    PLAINTIFFS ASSERT VIABLE CLAIMS.........................................................6

V.     ARGUMENT .......................................................................................................7

       A.    Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan ..........7

             1.    The Proposed Class Satisfies the "Numerosity" Requirement of 23(a)(1)..7

             2.    The Class Satisfies the "Commonality" Requirement of 23(a)(2)...............9

             3.    Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3) ........10

                   a.    Plaintiffs Are Adequate Class Representatives.............................12

                   b.    Plaintiffs' Counsel Have No Conflicts With the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class ....................................................................16

                   c.    The Class May be Properly Certified Under Rule 23(b)(1)...........18

                         1.    Certification Under Rule 23(b)(1)(B) is Most Appropriate ........................................................................18

                         2.    Certification is Also Appropriate Under Section 23(b))(1)(A) ....................................................................18

VI.    CONCLUSION            ........................................................................................19

# **TABLE OF AUTHORITIES**

PAGE(S)

**Cases**

*In re AEP ERISA Litig.*,
2008 WL 4210352 (S.D. Ohio Sept. 8, 2008) ............................................................................. 12

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) .......................................................................................................................... 19

*Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*,
133 S.Ct. 1184 (2013) ....................................................................................................................... 4

*In re Am. Med. Sys.*,
75 F.3d 1069 (6th Cir. 1996) ......................................................................................................... 10

*Armstead v. Pingree*,
629 F. Supp. 273 (M.D. Fla. 1986) ............................................................................................... 9

*Bacon v. Honda of Am. Mfg., Inc.*,
370 F.3d 565 (6th Cir. 2004) ..................................................................................................... 8, 9

*Baffa v. Donaldson*,
222 F.3d 52 (2d Cir. 2000) ............................................................................................................ 12

*Banyai v. Mazur*,
205 F.R.D. 160 (S.D.N.Y. 2002) .................................................................................................. 9

*Beach v. JPMorgan Chase Bank, N.A.*,
2019 WL 2428631 (S.D.N.Y. June 11, 2019) ............................................................................. 1

*Beattie v. CenturyTel, Inc.*,
511 F.3d 554 (6th Cir. 2007) .................................................................................................. 3, 10

*Biogen*, Inc. ERISA Litigation
2021 WL 3116331 (D. Mass. June 7, 2021 ................................................................................. 7

*Bittinger v. Tecumseh Prods. Co.*,
123 F.3d 877 (6th Cir. 1997) ........................................................................................................ 8

*Boley, et al. v. Universal Health Servs., Inc., et al.*,
2021 WL 859399 (E.D. Pa. Mar. 8, 2021) ............................................................................... 17

*Braden v. Wal–Mart Stores, Inc.*,
588 F.3d 585 (8th Cir.2009) ............................................................... 7

*Buus v. WAMU Pension Plan*,
251 F.R.D. 578 (W.D. Wash. 2008) .................................................... 15

*Cassell v. Vanderbilt Univ., et al.*,
No. 3:16-cv-02086  (M.D. Tenn. Oct. 23, 2018) ................................. 1

*Cassell v. Vanderbilt Univ.*,
2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) ............................. 2, 12

*Clark v. Duke Univ.*,
2018 WL 1801946 (M.D.N.C. April 13, 2018) .......................... 2, 16, 18

*Coan v. Kaufman*,
457 F.3d 250 (2d Cir. 2006)................................................................ 3

*Cryer v. Franklin Templeton Res., Inc.*,
2017 WL 4023149 (N.D. Cal. July 26, 2017) ...................................... 2

*Cunningham et al. v. Cornell Univ.*,
2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) ......................................... 1

*Cunningham, et al. v. WAWA, Inc., et al*,
387 F.Supp.3d 529 (E.D. Pa. 2019) .................................................... 2

*Disselkamp v. Norton Healthcare, Inc., et al.*,
No. 3:18-cv-00048-GNS-CHL (W.D. Ky. March 1, 2021).................... 1

*Fuller, et al. v. SunTrust Banks, Inc., et al.*,
2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018) ................... 14

*General Tel. Co. of Southwest v. Falcon*,
457 U.S. 147 (1982)............................................................................ 4

*Griffin v. Glagstar Bancorp, Inc.*,
2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ................................... 2

*Gunnells v. Healthplan Servs., Inc.*,
348 F.3d 417 (4th Cir. 2003) ............................................................ 12

*Henderson, et al., v. Emory Univ., et al.*,
2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ................................ 2, 14

*Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty.,*
*Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390 (M.D. Tenn. 2019)....................................8

*Huang v. TriNet HR III, Inc.*,
2022 WL 13631836 (M.D. Fla. Oct. 21, 2022) ..........................................................9, 11, 14, 17

*Jacobs v. Verizon Communications, Inc.*,
2020 WL 5796165 (S.D.N.Y. Sept. 29, 2020)...............................................................................15

*Jones v. NovaStar Fin., Inc.*,
257 F.R.D. 181 (W.D. Mo. 2009).................................................................................................13

*Karg v. Transamerica Corp.*,
2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) ....................................................................*Passim*

*Koch v. Dwyer*,
No. 98-CV-5519, 2001 WL 289972 (S.D.N.Y. Mar. 23, 2001)....................................................19

*v. Carnival Cruise Lines*, Inc.,
741 F.2d 1332 (11th Cir. 1984) ...................................................................................................11

*Leber, et al., v. Citigroup 401(k) Plan Inv. Comm.*,
323 F.R.D. 145 (S.D.N.Y. 2017) ...................................................................................................2

*Lucas, et al., v. MGM Resorts International, et al.*,
2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022).....................................................................17

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)........................................................................................................................7

*Marshall, et al., v. Northrop Grumman Corp.*,
2017 WL 6888281 (C.D. Cal. Nov. 2, 2017).................................................................................2

*Mass. Mut. Life Ins. Co. v. Russell*,
473 U.S. 134 (1985).......................................................................................................................4

*McCool, v AHS Management*,
No. 3:19-cv-001158 (M.D. of Tenn. March 30, 2023) ...........................................*Passim*

*Mehling v. New York Life Ins. Co. et al.*,
246 F.R.D. 467 (E.D. Pa. 2007).................................................................................................18

*In re: Merck & Co., Inc., Securities, Derivative & ERISA Litig.*,
MDL No. 1658, 2009 WL 331426 (D.N.J. Feb. 10, 2009)............................................................2

*Moore v. Comcast Corp.*,
268 F.R.D. 530 (E.D. Pa. 2010)...................................................................... 2

*Moreno, et al., v. Deutsche Bank Ams. Holding Corp.*,
2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017)........................................... 2, 14

*New Directions Treatment Serv. v. City of Reading*,
490 F.3d 293, 313 (3d Cir. 2007)................................................................ 15

*In re Nortel Networks Corp. ERISA Litig.*,
2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009).................................... Passim

*Nunez, et al., v. B. Braun Medical, Inc., et al.*,
No. 5:20-cv-04195 (E.D. Pa. June 30, 2022).............................................. 17

*Pizarro v. Home Depot, Inc.*,
2020 WL 6939810 (N.D. Ga. Sept. 21, 2020) ............................................ 14

*Rankin v. Rots*,
220 F.R.D. 511 (E.D. Mich. 2004) ............................................................... 1

*Rozo v. Principal Life Ins. Co.*,
2017 WL 2292834 (S.D. Iowa May 12, 2017) .............................................. 2

*Sacerdote v. New York Univ.*,
2018 WL 840364 (S.D.N.Y. Feb. 13, 2018)..................................... 2, 12, 18

*In re Schering Plough Corp. ERISA Litig.*,
589 F.3d 585 (3d Cir. 2009)........................................................................... 2

*In re: Schering-Plough Corp. Enhance ERISA Litig.*,
2012 WL 1964451 (D.N.J. Dec. 16, 2010)..................................................... 2

*Senter v. Gen. Motors Corp.*,
532 F.2d 511 (6th Cir. 1976) ...................................................................... 10

*Shanehchian v. Macys, Inc., et al.*,
2011 WL 883659 (S.D. Ohio March 10, 2011) ....................................... 1, 18

*Shirk v. Fifth Third Bancorp*,
2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) .................................... 1, 9, 18

*Sims v. BB&T Corp.*,
2017 WL 3730552 (M.D.N.C. Aug. 28, 2017)................................... 2, 11, 14

v

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ................................................................... 9, 10

*Stanford* v. *Foamex, L.P.*,
263 F.R.D. 156 (E.D. Pa. 2009) ............................................................. 2, 11, 13

*Surowitz v. Hilton Hotels Corp.*,
383 U.S. 363 (1966) ................................................................................. 15

*Szczubelek v. Cendant Mortgage Corp.*,
215 F.R.D. 107 (D.N.J. 2003) ................................................................. 15

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
2017 WL 2655678 (C.D. Cal. June 15, 2017) ........................................ 2

*Vellali v. Yale Univ.*,
33 F.R.D. 10 (D. Conn. 2019) ................................................................... 1

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ................................................................................. 9

*Wildman v. Am. Century Servs., LLC*,
2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) ......................................... 2, 16

*In re: Wilmington Trust Corp.*,
2013 WL 4757843 (D. Del. Sept. 4, 2013) ............................................. 3

*Yost v. First Horizon Nat'l Corp.*,
2011 WL 2182262 (W.D. Tenn. June 3, 2011) ....................................... 1

**Statutes**

29 U.S.C. § 1002(21)(A) ......................................................................... 5

29 U.S.C. § 1002(34) ............................................................................... 4

29 U.S.C. § 1104 ..................................................................................... 19

29 U.S.C. § 1109 ..................................................................................... 7

29 U.S.C. § 1132(a)(2) ......................................................................... 3, 7, 19

Fed. R. Civ. R. 23 ............................................................................... 4, 11, 16

Fed. R. Civ. R. 23(a) ........................................................................... 2, 3, 8

vi

Fed. R. Civ. R 23(a)(1) ........................................................................................................ 8

Fed. R. Civ. R. 23(a)(2) ................................................................................................... 9, 10

Fed. R. Civ. R. 23(a)(3) ..................................................................................................... 10

Fed. R. Civ. R. 23(a)(4) ................................................................................................ 11, 16

Fed. R. Civ. R. 23(b) ........................................................................................................ 3, 19

Fed. R. Civ. R. 23(b)(1) ................................................................................................... 2, 18

Fed. R. Civ. R. 23(b)(1)(A) ........................................................................................ 2, 18, 19

Fed. R. Civ. R. 23(b)(1)(B) ........................................................................................ 2, 18, 19

Fed. R. Civ. R. 23(b)(2) ...................................................................................................... 19

Fed. R. Civ. R. 23(d) ............................................................................................................ 3

Fed. R. Civ. R. 23(g) .......................................................................................................... 16

Fed. R. Civ. R. 23(g)(1)(A) ................................................................................................ 16

Fed. R. Civ. R. 23(g)(1)(B) ................................................................................................ 16

**Other Sources**

The Employee Retirement Income Security Act of 1974 ..................................................... Passim

Plaintiffs Kena Moore, Timothy K. Sweeney, Russell A. Hohman, Susan M. Smith, and Veronica Cargill (collectively, "Plaintiffs"), individually and on behalf of the Humana Retirement Savings Plan (the "Plan"), respectfully submit this memorandum in support of their motion for class certification.

## I.      INTRODUCTION

Plaintiffs' motion for class certification follows this Court's orders denying Defendants' motion to dismiss (March 31, 2022; Dkt No. 39) and denying Defendants' motion for reconsideration of the motion to dismiss (December 2, 2022, Dkt No. 52).  Plaintiffs allege claims under ERISA[1] § 502(a)(2) for breaches of fiduciary duty of the type routinely certified in this Circuit and courts throughout the country.  *See, e.g.*, *McCool v AHS Management*, No. 3:19-cv-001158 (M.D. of Tenn. March 30, 2023); *Yost v. First Horizon Nat'l Corp.*, 2011 WL 2182262, at *64, n. 82 (W.D. Tenn. June 3, 2011) (listing cases); *Cassell v. Vanderbilt Univ., et al.*, No. 3:16-cv-02086 (ECF No. 127) (M.D. Tenn. Oct. 23, 2018) (granting plaintiffs' motion for class certification); *Disselkamp v. Norton Healthcare, Inc., et al.*, No. 3:18-cv-00048-GNS-CHL (ECF No. 120) (W.D. Ky. March 1, 2021) (same); *Shanehchian v. Macys, Inc., et al.*, 2011 WL 883659 (S.D. Ohio March 10, 2011) (same); *Shirk v. Fifth Third Bancorp*, 2008 WL 4425535 (S.D. Ohio Sept. 30, 2008) (same); *In re Nortel Networks Corp. ERISA Litig.*, 2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) (same); *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004) (same).[2]  Indeed, "[i]n

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

[2] Many other recent decisions have certified classes in ERISA actions alleging breach of fiduciary duty due to excessive fees in retirement plans.  *See, e.g. Karg v. Transamerica Corp.*, 2020 WL 3400199 (N.D. Iowa Mar. 25, 2020) (certifying class alleging  defendants breached fiduciary duties by selecting poorly performing investment options); *Vellali v. Yale Univ.*, 33 F.R.D. 10 (D. Conn. 2019) (certifying class in case alleging fiduciaries saddled retirement plan with investment options that charged excessive management fees); *Cunningham et al. v. Cornell Univ.*, 2019 WL 275827 (S.D.N.Y. Jan. 22, 2019) (same); *Beach v. JPMorgan Chase Bank, N.A.*, 2019 WL

light of the derivative nature of ERISA § 502(a)(2) claims, breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *Griffin v. Glagstar Bancorp, Inc.*, 2013 WL 6511860, at *6 (E.D. Mich. Dec. 12, 2013) (quoting *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009)). Just last month, in a more complex case, a court in this circuit certified a class action which alleged nearly identical recordkeeping claims present here, along with additional imprudent investment claims. *See McCool*, No. 3:19-cv-001158.

Plaintiffs seek to certify the following class pursuant to FED. R. CIV. P. 23(a) and (b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 13, 2015 through the date of judgment (the "Class Period").

---

2428631 (S.D.N.Y. June 11, 2019) (same); *Cassell v. Vanderbilt Univ.*, 2018 WL 5264640 (M.D. Tenn. Oct. 23, 2018) (same); *Leber, et al., v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145 (S.D.N.Y. 2017) (same); *Moreno, et al., v. Deutsche Bank Ams. Holding Corp.*, 2017 WL 3868803 (S.D.N.Y. Sept. 5, 2017) (same); *Henderson, et al., v. Emory Univ., et al.*, 2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) (certifying class under 23(b)(1)(A) and (B)); *Clark v. Duke Univ.*, 2018 WL 1801946 (M.D.N.C. April 13, 2018) (same); *Sacerdote v. New York Univ.,* 2018 WL 840364 (S.D.N.Y. Feb. 13, 2018) (certifying class and subclasses pursuant to Rule 23(b)(1)(A)); *Wildman v. Am. Century Servs., LLC,* 2017 WL 6045487 (W.D. Mo. Dec. 6, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)); *Marshall, et al., v. Northrop Grumman Corp.*, 2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) (certifying class and subclasses pursuant to Rules 23(a) and 23(b)(1)); *Sims v. BB&T Corp.*, 2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) (same); *Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017) (certifying class and subclasses pursuant to Rule 23(b)(1)); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017) (same); *Rozo v. Principal Life Ins. Co*., 2017 WL 2292834 (S.D. Iowa May 12, 2017) (certifying class and subclasses pursuant to Rules 23(a) and Rule 23(b)(1)(A)); *In re: Merck & Co., Inc., Securities, Derivative & ERISA Litig.*, MDL No. 1658, 2009 WL 331426, at *10-12 (D.N.J. Feb. 10, 2009); *Stanford* v. *Foamex, L.P.*, 263 F.R.D. 156, 175 (E.D. Pa. 2009); *In re: Schering-Plough Corp. Enhance ERISA Litig.*, 2012 WL 1964451 (D.N.J. Dec. 16, 2010); *Moore v. Comcast Corp.*, 268 F.R.D. 530, 538 (E.D. Pa. 2010); *Cunningham, et al. v. WAWA, Inc., et al*, 387 F.Supp.3d 529 (E.D. Pa. 2019).

Additionally, Plaintiffs respectfully request that this Court appoint them as representatives for the certified Class, and appoint their counsel, Capozzi Adler, P.C., ("Capozzi Adler") as Class Counsel.

As discussed below, Plaintiffs' ERISA claims satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b): (1) there are more than forty-thousand participants in the Plan; (2) Plaintiffs are typical of the participants;  (3) common issues abound regarding the manner in which Defendants managed the Plan's assets;  and (4) Plaintiffs have retained experienced class counsel and are adequate to represent the interests of the class.[3]  Notably, in addition to the decisions cited above, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country.[4]  The same is warranted here.

## II.     STANDARD FOR CLASS CERTIFICATION

Plaintiffs must show that the class satisfies the four prerequisites of Rule 23(a) (commonly referred to as numerosity, commonality, typicality, and adequacy), and that it "falls within one of the three types of class actions under Federal Rule of Civil Procedure 23(b)." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 560 (6th Cir. 2007).  The Supreme Court has acknowledged the virtues of the

---

[3] Plaintiffs seek class certification because it will likely afford Plan participants the best possible representation and the best protection of their interests (including via the Court's Rule 23(d) supervisory authority).  *See, e.g.*, *Coan v. Kaufman*, 457 F.3d 250, 261 (2d Cir. 2006) (finding plaintiff's failure to proceed under Rule 23 meant the case was "without the benefit of a procedural mechanism for the protection of the interested parties").  However, Plaintiffs do not concede that class certification is required for them to prosecute claims on behalf of the Plan and all participants. *See, e.g.*, *In re: Wilmington Trust Corp.,* 2013 WL 4757843, at *3 (D. Del. Sept. 4, 2013) (granting plaintiffs' motion to proceed derivatively on behalf of all plan participants without class certification, because of the nature of such claims).

[4] *See* Exhibit 3 to the accompanying Declaration of Mark K. Gyandoh (the "Gyandoh Decl.") (a non-exhaustive list of decisions certifying classes in ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including at least 25 decisions certifying classes in "excessive fee" suits).  All Exhibits referenced herein are attached to the Gyandoh Declaration.

3

class action device and the utility of FED. R. CIV. P. 23 in bringing private rights of action. *See, e.g.*, *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982) ("[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23."); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting that Congress expressed intent that ERISA "actions for breach of fiduciary duty be brought in a representative capacity on behalf of the plan as a whole").

Although courts must conduct a "rigorous" analysis of the Rule 23 elements, this is not a "license to engage in free-ranging merits inquiries at the certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 133 S.Ct. 1184, 1194–95 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* at 1195.

### III.    STATEMENT OF FACTS

#### A.  Nature of the Plan

Humana, Inc. ("Humana") is the Plan sponsor and a named fiduciary of the Plan. 2019 Form 5500 at 1. The Plan is a "defined contribution" or "individual account" plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that the Plan provides for individual accounts for each participant and for benefits based solely upon the amount contributed to those accounts, and any income, expense, gains and losses, and any forfeitures of accounts of the participants which may be allocated to such participant's account. Plan Doc. at 14. Consequently, retirement benefits provided by the Plan are based solely on the amounts allocated to each individual's account. *Id.*

### B.  Defendants Were Fiduciaries of the Plan

Humana, acting through its Board of Directors, has appointed the Humana Retirement Plans Committee ("Committee") and its members to, among other things, ensure that the fees and expenses paid by the Plan, including, but not limited to, recordkeeping and administrative fees, are no more than reasonable. Humana Retirement Plans Committee Charter ("Charter" at 1).  In addition, the Committee ensures that the investments available to Plan participants are appropriate, had no more expense than reasonable, and performed well as compared to their peers. The Humana Retirement Savings Plan as Amended and Restated, effective January 1, 2020 ("Plan Doc.") at 60. Under ERISA, fiduciaries with the power to appoint have the concomitant fiduciary duty to monitor and supervise their appointees. Therefore, the Company had a concomitant fiduciary duty to monitor and supervise those appointees.

Accordingly, Humana, its Board, and the Committee during the putative Class Period is/was a fiduciary of the Plan, within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A) because it exercised discretionary authority to appoint and/or monitor the other fiduciaries, which had control over Plan management and/or authority or control over management or disposition of Plan assets.

### C.  Named Plaintiffs

Each of the Named Plaintiffs was a participant in the Plan during the Class Period. Plaintiff Kena Moore was a participant in the Plan during the Class Period, and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit.  *See* Gyandoh Decl. ¶¶ 58, 59; Exhibit 4, ¶ 6 (Declaration of Kena Moore) ("Moore Decl.").  Plaintiff Timothy K. Sweeney was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶

58, 60; Exhibit 5, ¶ 6 (Declaration of Timothy K. Sweeney) ("Sweeney Decl."). Plaintiff Russell A. Hohman was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 59, 61; Exhibit 6, ¶ 6 (Declaration of Russell A. Hohman) ("Hohman Decl."). Plaintiff Susan M. Smith was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 59, 62; Exhibit 7, ¶ 6 (Declaration of Susan M. Smith) ("Smith Decl."). Plaintiff Veronica Cargill was a participant in the Plan during the Class Period and was subject to the Plan's recordkeeping and administration fees which are the subject of this lawsuit. *See* Gyandoh Decl. ¶¶ 58, 63; Exhibit 8, ¶ 6 (Declaration of Veronica Cargill) ("Cargill Decl.").

### IV.   PLAINTIFFS ASSERT VIABLE CLAIMS

Plaintiffs' alleged facts are set forth in the Amended Complaint and the Gyandoh Declaration. *See* ECF No. 17; Gyandoh Decl. ¶¶ 5-8. In short, the Plan plays a central role in the retirement planning for Plaintiffs and the other Class members, and thus the amount of fees charged to Plan participants will directly impact their financial security during retirement. Accordingly, the Committee's prudent monitoring of all fees incurred by Plan participants, especially the Plan's recordkeeping and administration fees, is crucial to fulfill the purpose of the Plan, which is, among other things, "to provide a source of retirement income and to encourage and assist qualified Employees in maintaining a regular savings program on a before-tax and/or an after tax basis." Plan Doc. at 1.

In the Amended Complaint, Plaintiffs assert the following claims: (1) Count I against the Committee Defendants for their failure to prudently manage the Plan's assets because during the Class Period, "[t]he Prudence Defendants failed to control the administrative and recordkeeping

expenses of the Plan" and "[h]ad Defendants complied with their fiduciary obligations, the Plan would not have suffered these losses, and the Plan's participants would have had more money available to them for their retirement."  Am. Cmplt. ¶¶ 78-79; and (2) Count II against the Monitoring Defendants for breach of their fiduciary duties to monitor the Prudence Defendants because, during the Class Period, they "fail[ed] to monitor and evaluate the performance of the Committee or have a system in place for doing so, standing idly by as the Plan suffered significant losses as a result of the Committee Defendants' imprudent actions and omissions;" and "fail[ed] to remove the Committee members whose performance was inadequate in that they continued to maintain imprudent, excessively costly, and poorly performing investments within the Plan."  Am. Cmplt. ¶ 86.

## V.    ARGUMENT

### A.  Plaintiffs Have Standing to Pursue Claims on Behalf of the Plan

A demonstration of standing "requires a showing of 'injury in fact' to the plaintiff that is 'fairly traceable to the challenged action of the defendant,' and 'is likely [to] be redressed by a favorable decision.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 591 (8th Cir.2009) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)).  A suit under 29 U.S.C. §1132(a)(2) is "brought in a representative capacity on behalf of the plan as a whole," and remedies under §1109 "protect the entire plan."  *Braden v. Wal-Mart Stores, Inc*, 588 F.3d 585, 593 (8th Cir. 2009). Plaintiff-participants in defined contribution plans "can establish constitutional standing to bring representative claims by pointing to injuries to Plan assets." *In re Biogen*, 2021 WL 3116331, at *4 (citing cases, internal quotation marks omitted).

Here, Plaintiffs allege "[a]s a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan suffered millions of dollars of losses due to excessive costs and lower net

investment returns" and "[h]ad Defendants complied with their fiduciary obligations, the Plan would not have suffered these losses, and Plan participants would have had more money available to them for their retirement."  Am. Cmplt. at ¶ 79.  As participants of the Plan, all Plaintiffs were harmed by having to pay excessive recordkeeping fees associated with the Plan.  *See* Moore Decl., ¶ 5; Sweeney Decl., ¶ 5; Hohman Decl., ¶ 5; Smith Decl., ¶ 5; Cargill Decl., ¶ 5.  Accordingly, Plaintiffs have standing to pursue the Plan and class members' claims.

## B.  The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23(A)

A class must first satisfy the four basic prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  FED. R. CIV. P. 23(a); *Nortel Networks*, 2009 WL 3294827, at *4.  Plaintiffs have satisfied all four elements of Rule 23(a).

### 1.  The Proposed Class Satisfies the "Numerosity" Requirement of 23(a)(1)

Rule 23(a)(1) calls for certification if "the class is so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  "Generally, the number of members of the proposed class, if more than several hundred, easily satisfies the requirements of Rule 23(a)(1)." *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 403 (M.D. Tenn. 2019) (citing *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 n. 1 (6th Cir. 1997) (joinder of parties impracticable for class with over 1100 members and "[t]o reach this conclusion is to state the obvious")).  With over 48,000 Plan participants, this factor is easily satisfied.[5]  *Bacon v. Honda of*

---

[5] *See* Gyandoh Decl. ¶ 6 (citing 2019 Form 5500).

*Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (finding that a class of 800 was "well beyond the point that joinder would be feasible").

## 2.   The Class Satisfies the "Commonality" Requirement of 23(a)(2)

Commonality concerns "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (resolution of issue must "advance the litigation."). "Even a single common question will do." *Dukes*, 564 U.S. at 359 (cleaned up). "Variations in the circumstances of class members are acceptable, as long as they have at least one issue in common." *Bacon*, 370 F.3d at 570.

"The commonality requirement is particularly easy to meet when the defendant has engaged in a course of conduct which gives rise to a single cause of action." *Nortel*, 2009 WL 3294827, *5. Typically, "the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries." *Shirk*, 2008 WL 4425535, *2 (quoting *Banyai v. Mazur,* 205 F.R.D. 160, 163 (S.D.N.Y. 2002)). Typically, "the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries." *Shirk*, 2008 WL 4425535, *2 (quoting *Banyai v. Mazur,* 205 F.R.D. 160, 163 (S.D.N.Y. 2002)). "What matters to class certification…is not the raising of common questions – even in droves – but, rather the capacity of a classwide proceeding to generate common *answer* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 349-50. "In fact, commonality can be satisfied even with some factual variations among class members." *Huang v. TriNet HR III, Inc.*, 2022 WL 13631836, at *6 (M.D. Fla. Oct. 21, 2022) citing *Armstead v. Pingree*, 629 F. Supp. 273, 280 (M.D. Fla. 1986).

Here, the overarching questions of law and fact applicable to all Plan participants are whether Defendants breached fiduciary duties owed to the Plan and its participants failing to monitor or control the compensation paid for recordkeeping and administration services. *See* Gyandoh Decl., ¶ 8. These questions are sufficient to satisfy plaintiffs' burden under Rule 23(a)(2) because they all "are focused solely on Defendants and their actions, and will require the same proof for all class members." *Nortel*, 2009 UWL 3294827, *8. "Particularly where, as here, the named Plaintiffs bring the action on behalf of the Plan, common answers are apt to drive the resolution of this litigation." *McCool*, No. 3:19-cv-001158 at *4. Consequently, "for purposes of Rule 23(a)(2), the proposed class satisfies the requirement that all its members have at least one issue in common." *Nortel*, 2009 UWL 3294827, *6.

### 3. Plaintiffs' Claims Satisfy the "Typicality" Requirement of 23(a)(3)

Under FED. R. CIV. P. 23 (a)(3), Plaintiffs also must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23 (a)(3). A plaintiff's claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie*, 511 F.3d at 561 (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). Conversely, typicality is lacking if the plaintiff can prove his own claim but not "necessarily have proved anybody's else's claim." *Id.* (quoting *Sprague*, 133 F.3d at 399). However, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Id.* (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 525 n.31 (6th Cir. 1976)). "A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of

the class." *TriNet*, 2022 WL 13631836, at *7 (M.D. Fla. Oct. 21, 2022) (quoting *Kornberg v. Carnival Cruise Lines*, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984)).

Here, Plaintiffs easily satisfy the typicality prong of Rule 23 because "plaintiffs and proposed class members allege similar harm resulting from defendants' alleged fiduciary breaches. In fact, the harm may be identical." *Karg*, 2020 WL 3400199, at * 3; *see also See McCool*, No. 3:19-cv-001158 at *4 (finding typicality requirement satisfied because "[a]s with commononality, the named Plaintiffs' claims arise from the same alleged misconduct by Defendants as the potential class members and are based upon the same legal theories concerning alleged breaches of fiduciary duties."); *Stanford*, 263 F.R.D. at 167 (finding typicality requirement satisfied "because plaintiff challenges the same conduct that affects both the plaintiff and the absent class members"); *Sims v. BB&T Corp*., 2017 WL 3730552, at*4 (M.D.N.C. Aug. 28, 2017) (finding typicality where "each named plaintiff's claim and each class member's claim is based on the same events and legal theory—a breach of fiduciary duty stemming from the defendants' alleged disloyal and imprudent process for selecting, administering, and monitoring the [p]lan's investments" and where "the remedial theory . . . is identical for the named plaintiffs and the class members.") (citations omitted).

### 4.   Plaintiffs Will Adequately Protect the Interest of the Class, Satisfying Rule 23(a)(4)

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4).

11

### a. Plaintiffs Are Adequate Class Representatives

"When considering the named Plaintiffs' involvement in the case, 'the threshold for establishing adequacy is quite low.'" *Nortel*, 2009 WL 3294827, *12 (quoting *In re AEP ERISA Litig.*, 2008 WL 4210352, at *2 (S.D. Ohio Sept. 8, 2008)). A representative need not have detailed knowledge of the facts, particularly in complex cases "in which the defendant's liability can be established only after a great deal of investigation and discovery by counsel against a background of legal knowledge[.]" *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003); *Baffa v. Donaldson*, 222 F.3d 52, 61 (2d Cir. 2000)(noting Supreme Court has "expressly disapproved" attacking "the adequacy of a class representative based on the representative's ignorance."). "[I]t is well established that a named plaintiff's lack of knowledge and understanding of the case is insufficient to deny class certification unless his ignorance unduly impacts his ability to vigorously prosecute the action." *Cassell*, 2018 WL 5264640 at *5. "The burden in demonstrating that the class representative meets this standard is not difficult." *Id.* The more important factor is whether the plaintiff is willing and able to devote time to the case by participating in discovery. *See Nortel*, 2009 WL 3294827, *13 (finding plaintiffs adequate where they maintained contact with counsel, reviewed complaint, and generally understood the claims).

In this case, the representative plaintiffs have suffered similar injuries as the entire class. Further, the interests of all Plan participants are aligned because the named Plaintiffs "have identical legal and effectively identical financial interests in this action as do the proposed class members" *Sacerdote*, 2018 WL 840364, *4. Plaintiffs have no interests antagonistic with each other, the Class, or any segment of the Class. To the contrary, Plaintiffs' interests are identical to those of the Class. Named Plaintiffs seek to establish Defendants breached their fiduciary duties by paying excessive recordkeeping fees which caused the Plan and its participants an economic

loss. As such, each member of the proposed Class, just like the Named Plaintiffs, has a similar interest in recovering losses suffered by the Plan as a result of the conduct of the Defendants. In other words, Plaintiffs, like all Class members, were participants during the Class Period, and they seek Plan-wide relief for Defendants' identical breaches of fiduciary duty that equally affected similarly situated participants, as discussed above. *See, e.g.*, *Stanford*, 263 F.R.D. at 171 ("Because Stanford is challenging the same course of conduct and seeking the same relief as the rest of the absent class members, the court finds that Stanford's interests are sufficiently aligned with the those of the class."); *Jones v. NovaStar Fin., Inc.*, 257 F.R.D. 181, 192 (W.D. Mo. 2009) ("There is no indication that [plaintiff's] interests are antagonistic to those of the class (citation omitted). . . .Again, in an action seeking to recover on behalf of a plan, the focus is on the impact of the defendants' actions on that plan. Indeed [plaintiff] has an incentive to maximize recovery to the Plan because she will be affected.").

Plaintiffs must prove the same wrongdoing by Defendants as any and every absent Class members would need to show to establish Defendants' liability. Moreover, each Plaintiff has confirmed that he/she is ready, willing, and able to fulfill the duties required of a class representative. Each Plaintiff has submitted a declaration attesting to his efforts to date and confirming their desire to serve as a representative of the Class. Up to this point in this litigation, they have: reviewed the allegations in the Complaint and provided information to counsel prior to the initiation of this action; provided documents and assisted counsel in discovery matters; and maintained regular communication with counsel in order to stay informed about the case. *See* Moore Decl., ¶ 8; Sweeney Decl., ¶ 8; Hohman Decl., ¶ 8; Smith Decl., ¶ 8; Cargill Decl., ¶ 8. As noted in their declarations, Plaintiffs understand their responsibilities and duties as class representatives and will take all steps necessary to protect the interests of the proposed Class. *See*

13

Moore Decl., ¶¶ 9-10; Sweeney Decl., ¶¶ 9-10; Hohman Decl., ¶¶ 9-10; Smith Decl., ¶¶ 9-10; Cargill Decl., ¶¶ 9-10. "Courts have found similar declarations sufficient to show the named plaintiffs' adequacy." *TriNet*, 2022 WL 13631836, at *9 (M.D. Fla. Oct. 21, 2022) (holding "Plaintiffs have shown that they will adequately prosecute the action" where "[e]ach named Plaintiff has 'submitted a declaration attesting to their efforts to date and confirming their desire to serve as a representative' of the class."). S*ee, e.g.*, *Pizarro v. Home Depot, Inc.*, 2020 WL 6939810, at *11 (N.D. Ga. Sept. 21, 2020). ("[Plaintiffs] have responded to discovery requests ..., appeared for depositions ..., and submitted affidavits attesting to their participation in this action and their willingness to pursue the case vigorously[.]"); *Karg*, 2020 WL 3400199, at * 3 (noting plaintiffs "have submitted signed declarations to the Court attesting to their active participation here, their willingness to undertake additional responsibility, and their understanding of their role as class representatives to fairly and adequately protect the class members' interests."); *Henderson,* 2018 WL 6332343, at *7 (finding adequacy prong met where, among other things, plaintiffs "submitted affidavits attesting to their participation in [the] action and vowing to vigorously pursue the case."); *Fuller, et al. v. SunTrust Banks, Inc., et al.*, 2018 U.S. Dist. LEXIS 113108, at *17 (N.D. Ga. June 27, 2018) ("Although the affidavits are pro forma documents prepared by counsel, each Plaintiff signed at the bottom acknowledging that the affidavit contained their true contentions"); *Moreno,* 2017 WL 3868803, at * 7 ("Each Plaintiff has filed a declaration attesting that they have reviewed the allegations of the [c]omplaint, are aware that the suit concerns allegations that [d]efendants' investment offerings were improper ...."); *Sims*, 2017 WL 3730552, at *5 (finding adequacy prong met where "[t]he Plaintiffs have declared that they will fairly and adequately represent the interests of the class, Docs. 147-1 to 147-12"); *McCool v AHS Management*, No. 3:19-cv-001158 at *7 (finding adequacy prong met where "[a]ll Plaintiffs have

been deposed, and all Plaintiffs have filed Declarations in support of this Motion for Class Certification (Doc. Nos. 100-4 - 100-6).").

"A class representative need only possess 'a minimal degree of knowledge necessary to meet the adequacy standard.'" *New Directions Treatment Serv. v. City of Reading*, 490 F.3d 293, 313 (3d Cir. 2007) (quoting *Szczubelek v. Cendant Mortgage Corp.*, 215 F.R.D. 107, 119 (D.N.J. 2003)); *see also Jacobs v. Verizon Communications, Inc.*, 2020 WL 5796165, at * 9 (S.D.N.Y. Sept. 29, 2020) (finding adequacy met where "Plaintiff is 'aware of fundamental aspects of the case,' and that she has 'demonstrat[ed] [an] interest in the litigation [that] is considerable.'") Here, the evidence demonstrates Plaintiffs possess more than a "minimal degree of knowledge" necessary to satisfy the adequacy requirement.  As addressed *supra*, Plaintiffs' declarations acknowledge Plaintiffs' intents to represent the interests of the class until the conclusion of this case.  Moore Decl., ¶¶ 9-10 Sweeney Decl., ¶¶ 9-10; Hohman Decl., ¶¶ 9-10  Smith Decl., ¶¶ 9-10; Cargill Decl., ¶¶ 9-10.

Plaintiffs need not possess an extensive financial background to meet the adequacy requirement. *See Buus v. WAMU Pension Plan*, 251 F.R.D. 578, 587 (W.D. Wash. 2008) ("Several decades ago, the Supreme Court remarked that Rule 23 should not be used to 'defeat the ends of justice' by facilitating the dismissal of class action complaints involving unsophisticated named plaintiffs.") (citing *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966)). In fact, each Plaintiff has stated in his/her declaration that he/she is not an expert investor. *See* Moore Decl., ¶ 5; Sweeney Decl., ¶ 5; Hohman Decl., ¶ 5; Smith Decl., ¶ 5; Cargill Decl., ¶ 5.

Further, in directly analogous actions, courts find plaintiffs, similar to Plaintiffs here, to be adequate.[6]  In sum, Plaintiffs satisfy Rule 23(a)(4)'s adequacy requirement.

> **b.  Plaintiffs' Counsel Have No Conflicts With the Class, Are Qualified and Experienced, and Will Vigorously Prosecute This Action for the Class**

The inquiry into the adequacy of class counsel is now decoupled from the Rule 23(a)(4) inquiry into the adequacy of the class representatives and is analyzed under factors set forth in Rule 23(g).  *Karg*, 2020 WL 3400199, at *5 (citing FED. R. CIV. P. 23) ("If the motion includes a proposal for the appointment of class counsel, set forth with particularity the information the court must consider in assessing proposed class counsel's ability to represent the interests of the class fairly and adequately, as set forth in Federal Rules of Civil Procedure 23(g)(1)(A) and (B).")  Rule 23(g) complements the requirement of Rule 23(a) that class representatives adequately represent the interests of class members by focusing on the qualifications of class counsel.  Rule 23(g)(1)(A) instructs the court to consider, among other things: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.  FED. R. CIV. P. 23(g)(1)(A).  Rule 23(g) notes a court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  FED. R. CIV. P. 23(g)(1)(B).

Here, Capozzi Adler satisfies all prerequisites. *First*, Capozzi Adler has done significant work identifying and investigating potential claims in this action.  It began its investigation of

---

[6] *See, e.g.*, *Clark*, 2018 WL 1801946 at *9 (finding plaintiffs met the adequacy requirement); *Wildman*, 2017 WL 6045487, at *5 (same).

claims several months before filing suit.  Gyandoh Decl., ¶¶ 7-10.  This work included requesting documents from the Company pursuant to ERISA § 104(b)(4) and engaging consulting experts.  *Id*.  *Second*, Capozzi Adler and the undersigned counsel have significant experience handling ERISA matters and have knowledge of the applicable law.  *Id*. at ¶¶ 47-54.  Mark K. Gyandoh is the chair of the Fiduciary Practice Group at Capozzi Adler and will lead the litigation of this action.  *Id*. at ¶¶ 2, 46-47.  He has been litigating ERISA fiduciary breach lawsuits for 18 years and he and Capozzi Adler currently serve as counsel in over two dozen fiduciary breach actions across the country.  *Id*. at ¶¶ 47, 50, 52-53.  Capozzi Adler was recently appointed interim or co-lead counsel in several actions pending across the country and have defeated numerous motions to dismiss and settled analogous cases across the country.  *Id*. at ¶¶ 50, 52-53.  Based on the foregoing, Capozzi Adler has the requisite qualifications to lead this litigation.  *Third*, Capozzi Adler will commit the necessary resources to represent the class.  With three office locations, the firm has been successfully serving clients for over 25 years offering a full range of legal services.  *Id.* at ¶ 57.

Accordingly, appointment of Capozzi Adler as Class Counsel is warranted.  *See e.g,* *McCool v AHS Management*, No. 3:19-cv-001158 (ECF 130) (appointing Capozzi Adler as Class Counsel);  *Huang, et al., v. TriNet HR III, Inc., et al*., No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022) (ECF 85) (appointing Capozzi Adler as Class Counsel); *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (ECF 112) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D. Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Boley, et al. v. Universal Health Servs., Inc., et al.*, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action); *Karg*,

2020 WL 3400199, at * 3 (appointing class counsel where "plaintiffs' counsel submitted documentation of their own qualifications and commitment.").

### C. The Class May Be Properly Certified Under Rule 23(b)(1)

#### 1. Certification Under Rule 23(b)(1)(B) is Most Appropriate

Many courts have relied upon Rule 23(b)(1)(B) in certifying classes in analogous cases because it is particularly suited for cases alleging the breach of fiduciary obligations to plaintiffs. Indeed, the Advisory Committee Notes to Rule 23 explicitly instruct that certification under Rule 23(b)(1)(B) is appropriate in "an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust." FED. R. CIV. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). *See, e.g.*, *Mehling v. New York Life Ins. Co. et al*., 246 F.R.D. 467, 478 (E.D. Pa. 2007) (certifying the class pursuant to Rule 23(B)(1)(B) in an ERISA fiduciary duty case); *Nortel*, 2009 WL 3294827, *14-15 (same); *Shanehchian*, 2011 WL 883659, *9-10 (same); *Shirk*, 2008 WL 4425535, *5 (same); *Sacerdote*, 2018 WL 840364, *6 ("Most ERISA class action cases are certified under Rule 23(b)(1)."); *Clark*, 2018 WL 1801946, *9-10 (same).

Here, the Complaint alleges breaches of fiduciary duties under ERISA.  Therefore, the only remedy available to participants in the Plan is Plan-wide relief, including the restoration of losses. Thus, the proposed Class meets the requirements of FED. R. CIV. P. 23(b)(1), given the nature of this action and the relief sought on behalf of the Class.[7]

#### 2. Certification is Also Appropriate Under Section 23(b)(1)(A)

---

[7] *See* Gyandoh Decl., Exhibit 3 (listing decisions certifying Rule 23(b)(1)(B) classes).

Rule 23(b)(1)(A) "takes in cases where the party is obligated by law to treat the members of the class alike . . . or where the [defendant] must treat all alike as a matter of practical necessity." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997) (citation omitted). This is precisely such a case because the fiduciary duties imposed by ERISA are "duties with respect to a plan" that protect the "interest of the participants and beneficiaries" collectively. *See* 29 U.S.C. § 1104. In discharging their duties to the Plan, Defendants, as fiduciaries, were obligated to treat all participants (and all class members) alike. However, once a court determines that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (b)(1)(B) of Rule 23, it is not necessary to consider the alternative subsections of Rule 23(b). *See, e.g.*, *Koch v. Dwyer*, No. 98-CV-5519, 2001 WL 289972, at *5 n.2 (S.D.N.Y. Mar. 23, 2001) ("Since class certification is proper under Rule 23(b)(1)(B), it need not be determined whether Plaintiff has also satisfied the requirements of Rule 23(b)(1)(A) or 23(b)(2).")

## VI.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court certify this action as a class action under FED. R. CIV. P. 23(a) and (b)(1), appoint Plaintiffs Kena Moore, Timothy K. Sweeney, Russell A. Hohman, Susan M. Smith, and Veronica Cargill as representatives for the certified Class, and appoint Capozzi Adler as counsel for the certified Class. As explained above, dozens of ERISA actions alleging similar breaches of fiduciary duty have been certified in this Circuit and throughout the country. For the Court's convenience, Plaintiffs attach as Exhibit 3 to the Gyandoh Declaration, a non-exhaustive list of eighty-nine (89) decisions certifying classes in ERISA breach of fiduciary duty actions like the instant action brought pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), including at least twenty-seven (27) decisions certifying classes in "excessive fee" suits.

DATED: May 1, 2023                     **CAPOZZI ADLER, P.C.**

                                       */s/Mark K. Gyandoh*
                                       Mark K. Gyandoh, Esquire
                                       312 Old Lancaster Road
                                       Merion Station, PA 19066
                                       Telephone: (610) 890-0200
                                       Fax: (717) 233-4103
                                       Email: markg@capozziadler.com

                                       Donald R. Reavey, Esquire
                                       2933 North Front Street
                                       Harrisburg, PA 17110
                                       Telephone: (717) 233-4101
                                       Fax: (717) 233-4103
                                       Email: donr@capozziadler.com

                                       *Counsel for Plaintiffs and the Putative Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

*/s/Mark K. Gyandoh*
Mark K. Gyandoh