UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
KENTUCKY LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| KENA MOORE, TIMOTHY K. SWEENEY, RUSSEL A. HOHMAN, SUSAN M. SMITH and VERONICA CARGILL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUMANA INC. and THE HUMANA RETIREMENT PLANS COMMITTEE,<br><br>Defendants. | Civil Action No. 3:21-cv-00232-RGJ-RSE<br><br>Oral Argument Requested |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF PLAINTIFFS' EXPERT VERONICA BRAY**

Michael P. Abate
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street, 4th Floor
Louisville, KY 40202
Telephone: 502-416-1630
Facsimile: 502-540-8282
mabate@kaplanjohnsonlaw.com

Brian D. Boyle (*pro hac vice*)
Deanna Rice (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: 202-383-5300
Facsimile: 202-383-5414
bboyle@omm.com
derice@omm.com

Catalina Vergara (*pro hac vice*)
Noah Ickowitz (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407
cvergara@omm.com
nickowitz@omm.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................2

III. CONCLUSION ..............................................................................................................6

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cunningham v. Cornell Univ.*,
  2019 WL 4735876 (S.D.N.Y. Sept. 27, 2019), *aff'd*, 86 F.4th 961 (2d Cir. 2023)........................ 4, 5

*Fritton v. Taylor Corp.*,
  2022 WL 17584416 (D. Minn. Dec. 12, 2022) ................................................................................4

*Huang v. TriNet HR III, Inc.*,
  2023 WL 3092626 (M.D. Fla. Apr. 26, 2023)..........................................................................4, 5, 6

*Marshall v. Northrop Grumman Corp.*,
  2019 WL 4058583 (C.D. Cal. Aug. 14, 2019) ................................................................................5

*Mateya v. Cook Grp. Inc.*,
  2023 WL 4608536 (S.D. Ind. June 16, 2023)..................................................................................4

*Pledger v. Reliance Tr. Co.*,
  2019 WL 4439606 (N.D. Ga. Feb. 25, 2019) ..................................................................................5

*Reed v. MedStar Health, Inc.*,
  2023 WL 5154507 (D. Md. Aug. 10, 2023).................................................................................4, 5

*Wehner v. Genentech, Inc.*,
  2021 WL 507599 (N.D. Cal. Feb. 9, 2021) .....................................................................................4

**Rules**

L.R. 7.1(c).................................................................................................................................................1

I.  INTRODUCTION

Plaintiffs spend pages in their late-filed opposition brief[1] copying excerpts from Ms. Bray's expert reports that are irrelevant to the narrow issue presented in Defendants' motion to exclude: Whether Ms. Bray's opinion that the Humana Retirement Savings Plan (the "Plan" or "Humana Plan") "possibly" could have paid recordkeeping fees between $12 and $20 per participant per year over the relevant period must be excluded, where Ms. Bray does not cite a single Plan comparator or benchmark that paid fees in that range during the same period, and instead points to six plans she concedes are *not* comparators (and whose attributes, including plan services, she admits she did not compare to the Humana Plan). The answer to that question is "yes."

Plaintiffs make no attempt to grapple with Ms. Bray's concession that the six plans cited in her report are not comparators or benchmarks for the Plan; instead, they argue simply that those plans had fees that were "in line with" the range Ms. Bray has decided would have been reasonable. But "in line," how? Ms. Bray does not say. She admits she selected the plans "just to kind of give an example of the buying power that these smaller plans had," not by applying any particular criteria to select them. And she concedes she did not examine the plans' fees before 2020, so they cannot be "in line" with anything during the earlier part of the relevant time period. For these and other reasons explained in Humana's underlying motion, Ms. Bray's

---

[1] Plaintiffs filed their opposition to Defendants' motion to exclude after midnight on the deadline, February 6, 2024. *See* Pls.' Opp. Mot. Exclude, DE 107 (stamped as filed on February 7, 2024). This is not the first time Plaintiffs have missed a deadline in this case. *See* Pls.' MSJ, DE 101. The Court should exercise its discretion to grant Defendants' motion to exclude on the additional basis that Plaintiffs missed their deadline to respond. *See* L.R. 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); Joint General Order No. 18-3 § 4(e) ("Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight, EASTERN TIME, in order to be considered timely filed that day.").

opinion that a reasonable fee for the Plan's recordkeeping services would have been between $12 and $20 per participant per year ("PPPY") over the relevant period is based on nothing more than her own untestable say-so—and on that ground, it fails to meet the standards applicable to expert testimony and must be excluded.

## II.  ARGUMENT

Plaintiffs admit that Ms. Bray's opinion that the Plan could have paid between $12 and $20 PPPY is based on nothing more that her belief that that range is "in line with the rates" allegedly charged by the plans she cites in Paragraph 29 of her report. Pls.' Opp. Mot. Exclude at 12–13, 15, 18, 21–22, DE 107; Ex. 2 (Bray Report) ¶ 29, DE 97-3. But those plans cannot and do not support Ms. Bray's fee-range opinion (Ex. 2 (Bray Report) ¶ 65, DE 97-3)[2] because Ms. Bray used no discernable methodology to select the plans and admitted those plans were not comparable plans.

Ms. Bray conceded at her deposition that the plans in her report "are not considered comparable plans" to the Humana Plan (Ex. 4 (Bray Depo. Tr.) at 156:17–18, DE 97-5), and are not "benchmarks" for the Humana Plan (*id.* at 185:23–186:13 (defining "benchmarking" as taking "the services that the record keeper's providing to like plans of like sizes and compar[ing] the services and fees from one plan to the other")). She also admitted she did not employ any process or methodology for selecting those particular plans and excluding others. *Id.* at 167:18–21, 168:24–169:5. Plaintiffs ignore those admissions in their opposition brief and instead assert that Ms. Bray's "methods are irrelevant as to whether Ms. Bray's expert testimony is admissible." Pls.' Opp. Mot. Exclude at 1. But Ms. Bray, like any expert, must employ a discernible, reliable methodology to offer an expert opinion, even if it is one based on her own

---

[2] Defendants incorporate by reference the exhibits filed with prior submissions to the Court. *See* DE 97-1–97-25, DE 98–98-6, DE 104-1–104-6.

experience (in which case she must tie her experience to the specific facts of this case). Defs.' Mot. Exclude at 9–10 (citing cases), DE 99.  Simply pointing to other non-comparable plans whose fees are allegedly "in line" with her views on reasonable fees is insufficient.  That approach cannot be tested in any meaningful way and thus is not reliable.

As explained in Defendants' underlying motion, even if Ms. Bray's cherrypicked plans *were* intended to be benchmarks for the Humana Plan—notwithstanding Ms. Bray's testimony that they were not—they still would not be adequate comparators for at least three reasons.  First, Ms. Bray admitted during her deposition that she used no methodology to select the plans.  *See, e.g.*, Ex. 4 (Bray Depo. Tr.) at 167:18–21, 168:24–169:5, DE 97-5.  Second, she conceded that her analysis of those other plans "only went from 2020 to 2022" (*id.* at 176:11–14), meaning that she has not performed any analysis for the 2015–2019 period that has become the focus of Plaintiffs' case.  Third, Plaintiffs have offered no evidence to show the plans cited by Ms. Bray are actually comparable to the Humana Plan at all—including in terms of the recordkeeping services they received.  On the contrary, Ms. Bray conceded at her deposition that she performed no analysis to compare the services received by those plans to those received by the Humana Plan.[3]  Ex. 4 (Bray Depo. Tr.) at 163:24–164:4, DE 97-5 ("Q . . . [Y]ou've not done any analysis to verify whether the services that were actually contracted for by these plans were similar to the services that Humana contracted for in its own recordkeeping arrangement, correct? A Correct.").  Plaintiffs try to backtrack from that concession, arguing that Ms. Bray did, in fact, perform such a comparison.  Pls.' Opp. Mot. Exclude at 1–2, 16–18 (citing Ex. 2 (Bray Report)

---

[3] Plaintiffs suggest that the Court has already decided that Ms. Bray *did* analyze plan services sufficiently (Pls.' Opp. Mot. Exclude at 15–19), but that is not the case.  The Court has never examined Ms. Bray's opinions at all—and certainly has never analyzed whether her methodology is reliable.

¶¶ 22–23, 29, 57, DE 97-3). But that is a fabrication that ignores the substance of her reports and the admission during her deposition.[4]

Nor can the stipulation filed in *Moitoso* provide the necessary foundation for Ms. Bray's opinion on purportedly reasonable fees (Pls.' Opp. Mot. Exclude at 12, 15, 18), as numerous courts have similarly held. *See, e.g.*, *Mateya v. Cook Grp. Inc.*, 2023 WL 4608536, at *6 (S.D. Ind. June 16, 2023) (rejecting use of *Moitoso* stipulation as a comparator); *Fritton v. Taylor Corp.*, 2022 WL 17584416, at *8 (D. Minn. Dec. 12, 2022) (similar); *Wehner v. Genentech, Inc.*, 2021 WL 507599, at *6 (N.D. Cal. Feb. 9, 2021) (similar).

Other courts have not hesitated to exclude recordkeeping-fee opinions that, like Ms. Bray's, lacked a reliable methodology or foundation—and contrary to Plaintiffs' suggestion, that is the case even in ERISA matters that would have been tried to the bench. *See, e.g.*, *Huang v. TriNet HR III, Inc.*, 2023 WL 3092626, at *9–10 (M.D. Fla. Apr. 26, 2023) (excluding opinion of plaintiffs' recordkeeping expert for failing to demonstrate methodology was reliable, where expert only considered "the recordkeeping fees of several plans incomparable in size and structure to the Plan and relied on his experience to determine what a reasonable fee should have been"); *Reed v. MedStar Health, Inc.*, 2023 WL 5154507, at *12 (D. Md. Aug. 10, 2023) (excluding recordkeeping-fee opinion on "loss calculations" that was based simply on "experience" and "speculation," and emphasizing that the expert "did not explain a process by which he obtained the specific calculation as to the Plan losses"); *Cunningham v. Cornell Univ.*, 2019 WL 4735876, at *9–10 (S.D.N.Y. Sept. 27, 2019), *aff'd*, 86 F.4th 961 (2d Cir. 2023) (excluding opinion on reasonable recordkeeping fees because expert offered "no explanation for

---

[4] Nor are Plaintiffs correct that "the Court has already rejected this argument" that recordkeeping fees must be evaluated by reference to the services rendered, as explained in Humana's reply in support of its motion for summary judgment. Defs.' Reply ISO MSJ at 12–15, DE 108.

4

how he arrived at" his reasonable-fee pricing, did not explain how his comparator plans were chosen, and made "no attempt to tie [his reasonable-fee] numbers to his exemplary plans' fees"); *Marshall v. Northrop Grumman Corp.*, 2019 WL 4058583, at *7 (C.D. Cal. Aug. 14, 2019) (striking opinion on "expected fees for recordkeeping and administrative services"); *Pledger v. Reliance Tr. Co.*, 2019 WL 4439606, at *17–19 (N.D. Ga. Feb. 25, 2019) (excluding recordkeeping-fee expert who "failed to use any objective source of pricing information to determine the baseline prices").

Plaintiffs attempt to undermine this authority (Pls.' Opp. Mot. Exclude at 20–22), attacking *Reed*, *Marshall*, *Pledger*, and *Cunningham* based on a nonexistent distinction: They argue that the experts in those other cases provided reasonable-fee ranges "without citing to any comparator plan" (*id.* at 21) or made "no attempt to tie" their experts' reasonable-fee ranges to "exemplary plans' fees" (*id.* at 22). But that is exactly what Ms. Bray failed to do here, too. Like the experts in those cases who had no comparator plans to back up their fee ranges, Ms. Bray explicitly conceded at her deposition that the plans cited in her report were not "comparable" or meant to be "benchmarks" for the Humana Plan, that she conducted no comparison of those plans' services against the services received by the Humana Plan, and that she could not name a single comparable plan that paid recordkeeping fees between $12 and $20 PPPY over the relevant period. *See* Ex. 4 (Bray Depo. Tr.) at 156:17–18, 163:24–164:4, 175:16–177:11, 179:4–14, 185:23–186:13, DE 97-5.

Plaintiffs also assert that *TriNet* is distinguishable because the case involved a multi-employer plan ("MEP"), arguing that the court in that case excluded the opinion of plaintiffs' recordkeeping expert only because he compared the MEP to single-employer plans. *See* Pls.' Opp. Mot. Exclude at 20–21. In fact, the court there excluded the expert's opinion *before*

5

meaningfully addressing the difference between single-employer plans and MEPs, and then held that the discrepancy provided an additional reason to exclude. *TriNet*, 2023 WL 3092626, at *9–10 (noting before substantively discussing MEP distinction that the plaintiffs' expert "purports to have 'considered' the recordkeeping fees of several plans incomparable in size and structure to the Plan and relied on his experience to determine what a reasonable fee should have been" and concluding "[s]uch a methodology is insufficient to support his opinion"). Here, as in *TriNet*, Ms. Bray has offered no plausible comparators for her purported expert opinion on what the Plan should have paid in recordkeeping fees over the relevant period. Without something tethering her opinion to the actual facts of this case (and Ms. Bray has offered nothing), the opinion lacks a reliable methodological foundation and must be excluded.

### III.  CONCLUSION

For the foregoing reasons, the Court should exclude the opinion of Plaintiffs' expert Veronica Bray that the Plan's fees should have been between $12 and $20 PPPY over the relevant period.

//

//

//

//

//

//

//

//

//

Dated: February 20, 2024 

Respectfully submitted,

*/s/ Catalina Vergara*
Catalina Vergara (*pro hac vice*)
Noah Ickowitz (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407
cvergara@omm.com
nickowitz@omm.com

Brian D. Boyle (*pro hac vice*)
Deanna Rice (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
Telephone: 202-383-5300
Facsimile: 202-383-5414
bboyle@omm.com
derice@omm.com

Michael P. Abate
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street, 4th Floor
Louisville, KY 40202
Telephone: 502-416-1630
Facsimile: 502-540-8282
mabate@kaplanjohnsonlaw.com

*Attorneys for Defendants Humana Inc. and the Humana Retirement Plans Committee*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2024, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

                                                             */s/ Catalina Vergara*
                                                             *Counsel for Defendants*