**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| KENA MOORE, TIMOTHY K. SWEENEY, RUSSEL A. HOHMAN, SUSAN M. SMITH and VERONICA CARGILL, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | **CIVIL ACTION NO.:** 3:21-cv-00232-RGJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HUMANA INC., THE BOARD OF DIRECTORS OF HUMANA INC., THE HUMANA RETIREMENT PLANS COMMITTEE and JOHN DOES 1-30. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, Kena Moore, Timothy K. Sweeney, Russel A. Hohman, Susan M. Smith and Veronica Cargill ("Plaintiffs"), by and through their attorneys, respectfully submit this response to Defendants' recent Notice of Supplemental Authority (ECF No. 121) ("Defs. Notice"), submitting the decision in *Garcia et al. v. Alticor, Inc. et al.*, Case No. 1:20-cv-01078-PLM-PJG (W.D. Mich.) ("Order"). The *Alticor* expert's loss causation analysis is readily distinguishable from the instant case, and therefore Defendants' notice should be disregarded.

As Defendants point out, the expert in *Alticor* was unable to show a loss because he relied on the "*Moitoso* stipulation" where Fidelity, another recordkeeper in another case, stipulated what a reasonable fee would be for a plan that was "much larger than the plan at issue in *Alticor*" and the stipulation only considered recordkeeping services for that plan. Defs. Notice at 3. Defendants

1

are wrong, however, in stating that here Bray similarly "relies on the *Moitoso* stipulation", and that it is "the only data point Ms. Bray cites from the 2015–2019 period..." *Id*. Unlike in *Alticor*, Bray supports her findings with five other plans in the same-mega plan category as the Plan, the Plan's history from 2015-2023, marketplace trends, information about the comparator plans' services as well as the Plan's services, and the *Moitoso* stipulation. Bray Rpt. ¶¶ 29, 64-66. Put differently, Bray's report includes substantially more data, and more reliable data, than the expert in *Alticor*. Bray also notes that these findings comport with her professional experience. Notably, the Court in *Alticor* repeatedly held that, in this Circuit, "[e]xpert opinions can be based on the expert's 'practical experiences.'" Order at 15 (quoting *First Tennessee Bank Nat. Ass'n v. Barreto*, 268 F.3d 319, 335 (6th Cir. 2001)); *see also Id*. at 8, 10, 16.

Because the expert's loss calculations were excluded in *Alticor*, the Court did not evaluate the alleged imprudent recordkeeping fee processes. However, the Court did reiterate summary judgment standards for breach of fiduciary prudence cases under ERISA generally, including cases within the Sixth Circuit. *See* Order at 23-24 (quoting *Davis v. Magna Int'l. of Am., Inc*., No. 20-11060, 2023 WL 3821807, at *4 (E.D. Mich. June 5, 2023) and *McCool v. AHS Mgmt. Co., Inc*., No. 3:19-CV-01158, 2023 WL 2752400, at *3 (M.D. Tenn. Mar. 31, 2023), and listing other cases that denied the Defendants' motion for summary judgment under similar circumstances as the instant case). For example, the Court held that "[u]ltimately, a prudent fund manager is not dilatory and makes informed decisions." *Id*. at 21. Here, Defendants' processes, or, rather, lack of processes, were dilatory, uninformed, and imprudent, which led to participants paying unreasonable recordkeeping fees for far too long.

In sum, Defendants' notice should be disregarded because Bray's loss calculations are based on an abundance of reliable information, unlike the expert in *Alticor*.

Dated: May 1, 2024                    Respectfully submitted,

                                      **CAPOZZI ADLER, P.C.**
                                      */S/ Mark K. Gyandoh*
                                      Mark K. Gyandoh
                                      312 Old Lancaster Road
                                      Merion Station, PA 19066
                                      Telephone: (610) 890-0200
                                      Facsimile: (717) 233-4103
                                      Email: markg@capozziadler.com

                                      **CAPOZZI ADLER, P.C.**
                                      Donald R. Reavey
                                      2933 North Front Street
                                      Harrisburg, PA 17110
                                      Telephone: (717) 233-4101
                                      Facsimile: (717) 233-4103
                                      Email: donr@capozziadler.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.


By: */s/ Mark K. Gyandoh*